Phung H. Jefferson (Nev. Bar No. 7761)
THE LAW OFFICE OF PHUNG H.
JEFFERSON, ESQ. PC
1448 E. Charleston Blvd.
Las Vegas, Nevada 89104
Tel.: 702-382-4061
Fax: 702-382-4071
Email: phj@pjlaw.org

Edward H. Rippey (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Tel.: 202-662-6000
Fax: 202-662-6291
Email: erippey@cov.com, mmiller@cov.com

Wendy L. Feng (admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: 415-591-6000
Email: wfeng@cov.com

*Attorneys for Plaintiff Nevada Partners, Inc.*

THEODORE PARKER, III, ESQ.
Nevada Bar No. 4716
SHANA D. WEIR, ESQ.
Nevada Bar No. 9468
PARKER, NELSON & ASSOCIATES, CHTD.
2460 Professional Court, Suite 200
Las Vegas, Nevada 89128
Telephone: (702) 868-8000
Facsimile: (702) 868-8001
Email: tparker@pnalaw.net; sweir@pnalaw.net

*Attorneys for Defendant Workforce Connections*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA PARTNERS, INC., a Nevada corporation, <br><br> Plaintiff, <br><br> v. <br><br> WORKFORCE CONNECTIONS, Southern Nevada's Local Workforce Development Board, <br><br> Defendant | Civil Case No. 2:19-cv-767-JCM-DJA <br><br> **JOINT STIPULATED PROTECTIVE ORDER** |

## I.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential or proprietary information for which special protection from use for any purpose other than prosecuting this litigation is warranted, subject to limited exceptions listed below.  Accordingly, Plaintiff Nevada Partners, Inc., and Defendant Workforce Connections hereby stipulate to and respectfully petition the Court to enter this Joint Stipulated Protective Order.  *See* Fed. R. Civ. P. 26(c).

The parties acknowledge that this Order does not confer blanket protections on disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to protection under the applicable legal principles.  The parties further acknowledge that this Protective Order does not entitle them to file Confidential Documents under seal beyond the provisions of the Federal Rules of Civil Procedure, the Local Rules, and the explicit terms of this Order.

## II.    DEFINITIONS

<u>Confidential Documents</u>: any document or documents containing Protected Information, as defined herein, and designated as a Confidential Document.

<u>Designating Party</u>: a Party that designates material as Confidential Documents.

<u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

<u>Party</u>:  any party to this action, including all of its officers, directors, employees, and counsel of record (and their support staffs).

Protected Information:  Any proprietary and commercially sensitive information that is not publicly known or publicly available.

Receiving Party:  a Party that receives Confidential Documents.

## III.   PROTECTION AGAINST UNAUTHORIZED DISCLOSURE AND USE OF PROTECTED MATERIAL

No Party or Non-Party may use Protected Information, Confidential Documents, or information derived therefrom produced or disclosed during this litigation for any purpose other than prosecuting this litigation, subject to the limited exceptions of this Order.

Protected Information and Confidential Documents must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that compliance with this Order is maintained.

## IV.   LIMITATIONS ON ACCESS

Except as otherwise provided in this Protective Order, in subsequent Court Orders, or by written agreement of the Designating Party, Confidential Documents shall not be disclosed or shown to anyone, except as follows:

(a)     the Court and its staff;

(b)     any court reporter who records any deposition or other testimony in this case;

(c)     any Party to this litigation (as defined herein);

(d)     any deposition or trial witness;

(e)     any vendor engaged by a Party to provide printing, copying, or similar services for purposes of prosecuting this litigation;

(f)     any actual or prospective expert or consultant identified and/or retained by either party to assist it in the litigation between the parties who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)     any persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the Designating Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Notwithstanding the above, certain documents, as designated pursuant to the terms contained within this Protective Order, are for attorneys' eyes only and documents so designated will be kept confidential in accord with the terms contained in Section V herein.

## V.     ATTORNEYS EYES ONLY DESIGNATION

### A.     ATTORNEYS EYES ONLY

Any party may designate documents in the categories listed below in subparagraphs (1)-(5) as for attorneys' eyes only upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, that disclosure of which is likely to cause harm to an individual or to the business or position of the person or entity who provided the information.  The parties anticipate using the attorneys' eyes only designation only sparingly.

The categories of documents that may be marked for attorneys' eyes only protection are:

(1)     **Documents Containing Confidential Donor Information.**

(2)     **Confidential Evaluations from Third Parties Made with the Understanding They Would Be Kept Confidential.**

(3)     **Confidential Tax Filings.**

(4)     **Documents Exempt from Disclosure by Privacy Law.**  Documents produced in this category with the attorneys' eyes only designation shall be accompanied by a log citing the specific privacy law or laws (by title, section, and paragraph) exempting them from disclosure.

(5)    **Confidential RFP Bid Documents.**  Documents produced in this category with the attorneys' eyes only designation shall be produced accompanied by evidence that they were submitted in accordance with provision 6.4.2 of the 2018 WIOA RFPs.

After entry of this Order, if any party believes documents in additional categories warrant attorneys' eyes only protection, the parties shall meet and confer in good faith regarding jointly requesting an amendment to account for those documents.

### B.    PROTECTION OF DOCUMENTS DESIGNATED AS ATTORNEYS EYES ONLY

Documents designated for attorneys' eyes only under this Protective Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. Counsel for the parties shall not disclose or permit disclosure of any documents designated for attorneys' eyes only to any third person or entity except as set forth in subparagraphs (1)-(6) below. Subject to these requirements, the following categories of persons shall be allowed to review documents that have been designated for attorneys' eyes only.

(1)    **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2)    **The Court.** The Court and its personnel.

(3)    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(4)    **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document and any person who has previously seen or was previously aware of the designated document.

(5)    **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in preparation and trial of this action

or proceeding, but only after such individual has agreed to the provisions of this Protective Order and signed a writing indicating said individual has read and understands the Protective Order, understands that unauthorized disclosure of the documents constitutes contempt of Court, and agrees to consent to personal jurisdiction of this Court for enforcement of this Protective Order.

(6)  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall agree to the provisions of this Protective Order and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

## VI.  DESIGNATING CONFIDENTIAL DOCUMENTS

### A.  Exercise of Restraint and Care

Each Party that designates or redacts information or items for protection under this Order must take care to limit any such designation or redaction to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection or redact only those parts of a document that qualify—so that other portions of the documents for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

### B.  Manner and Timing of Designations and Redactions

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated by the Designating Party before the material is disclosed or produced.

Designation in conformity with this Order requires:

(1)  for confidential documents produced in discovery, that the party producing the document affix the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" to the footer of each page that contains protected material.

(2) for attorneys' eyes only documents produced in discovery, that the party producing the document affix the legend "CONFIDENTIAL -- ATTORNEYS' EYES ONLY -- SUBJECT TO PROTECTIVE ORDER" to the footer of each page that contains the protected material.

(3)  for testimony given in deposition, that the party seeking protection identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(4)  for information produced in some form other than documentary and for any other tangible items, that the party producing the material affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL -- ATTORNEYS EYES ONLY -- SUBJECT TO PROTECTIVE ORDER."

It is the intent of the parties that information will not be redacted or designated as confidential for tactical reasons and that nothing shall be redacted or designated as confidential without a good faith belief that there is good cause to do so.

Parties may, at their discretion, redact from Disclosure or Discovery Material only information protected by Federal Rule of Civil Procedure 5.2, material protected by the attorney-client privilege, material protected by the attorney work product doctrine, taxpayer identification numbers, social security numbers, and dates of birth.  Where a Party redacts or otherwise withholds material from production or disclosure, the Party shall produce a privilege log in conformity with Federal Rule of Civil Procedure 26(b)(5).  Nothing in this Order shall be construed as enhancing or abridging any party's right to withhold privileged material.

### C.      Materials Previously Produced

Documents produced or otherwise disclosed with redactions before entry of this Order shall be produced again pursuant to the provisions of this Order within 14 days of entry of the Order.

### D.      Inadvertent Failure to Designate

If timely corrected, an inadvertent failure to designate Confidential Documents or Protected Information does not, standing alone, waive the right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

### A.      Timing of Challenges

Any party may challenge a designation of confidentiality, attorneys' eyes only, or redactions at any time. Unless a prompt challenge to a Designating Party's confidentiality designation or redactions is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation or redaction by electing not to mount a challenge promptly after the original designation is disclosed.

### B.      Meet and Confer

The challenging party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice.

### C.      Judicial Intervention

If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to make such a motion within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation or redactions for each challenged

designation or redaction.  In addition, the challenging party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so.

## VIII.   FILING UNDER SEAL

Unless the Designating Party provides its written permission to file Confidential Documents in the public record, a Party seeking to file another Party's Confidential Documents in this action must file the Confidential Documents under seal and submit an accompanying motion to seal in compliance with Local Rule 10-5.  If a Receiving Party's request to file a Confidential Document under seal pursuant to Local Rule 10-5 is denied by the Court, then the Receiving Party may file the Confidential Document in the public record, unless otherwise instructed by the Court.

## IX.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until either (1) the party that produced the document or information at issue agrees otherwise in writing or (2) a court order otherwise directs.

## X.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, each Receiving Party must return all Confidential Documents and materials containing Protected Information to the Designating Party or destroy such material.

Notwithstanding this provision, outside counsel to any party to this case are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.  Any such archival copies that contain Protected Information or constitute Confidential Documents remain subject to this Protective Order.

## XI.    FURTHER RELIEF AND OBJECTIONS

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  September 27, 2019

Signed: */s/ Phung H. Jefferson*

Phung H. Jefferson (Nev. Bar No. 7761)
THE LAW OFFICE OF PHUNG H.
JEFFERSON, ESQ. PC
1448 E. Charleston Blvd.
Las Vegas, Nevada 89104
Tel.: 702-382-4061
Fax: 702-382-4071
Email: phj@pjlaw.org

Edward H. Rippey (admitted *pro hac vice*)
Matthew V. Miller (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St., NW
Washington, DC 20001
Tel.: 202-662-6000
Fax: 202-662-6291
Email: erippey@cov.com, mmiller@cov.com

Wendy L. Feng (admitted *pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel: 415-591-6000
Email: wfeng@cov.com
*Attorneys for Nevada Partners, Inc.*

Dated:  September 27, 2019

Signed: */s/ Shana D. Weir*

THEODORE PARKER, III, ESQ.
Nevada Bar No. 4716
SHANA D. WEIR, ESQ.
Nevada Bar No. 9468
PARKER, NELSON & ASSOCIATES, CHTD.
2460 Professional Court, Suite 200
Las Vegas, Nevada 89128
Telephone: (702) 868-8000
Facsimile: (702) 868-8001
Email: tparker@pnalaw.net; sweir@pnalaw.net

*Attorneys for Defendant Workforce Connections*

**JOINT STIPULATED PROTECTVE ORDER**

IT IS SO ORDERED.

Dated this 1st day of October, 2019.

_____
Daniel J. Albregts
United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the District of

Nevada on _____[date] in the case of *Nevada Partners., Inc., v. Workforce Connections*,

No. 2:19-cv-767-JCM-DJA.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United

States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where signed: _____

Signature: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2019, I caused to be served a true and correct copy of the foregoing [PROPOSED] JOINT STIPULATED PROTECTIVE ORDER via the Court's CM/ECF system on the following:

Mr. Theodore Parker III
Ms. Shana Weir
PARKER NELSON & ASSOCIATES
2460 Professional Court
Suite 200
Las Vegas, NV 89128
Email: tparker@pnalaw.net; sweir@pnalaw.net

*/s/ Phung H. Jefferson*
Phung H. Jefferson