# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEVADA PARTNERS, INC., | Case No. 2:19-cv-00767-JCM-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| WORKFORCE CONNECTIONS, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer (ECF No. 47), filed on October 4, 2019. The Court also considered Defendant's Response (ECF No. 48) filed on October 18, 2019 and Plaintiff's Reply (ECF No. 49) filed on October 24, 2019.

This matter is also before the Court on Plaintiff's Motion to Compel (ECF No. 51), filed on November 25, 2019. Defendant filed a Response (ECF No. 52) on December 9, 2019 and Countermotion for Protective Order (ECF No. 54) on December 10, 2019. Plaintiff filed a Reply (ECF No. 55) and Response to the Countermotion (ECF No. 56) on December 16, 2019. Defendant filed a Reply to the Countermotion (ECF No. 58) on December 23, 2019. The Court finds these matters properly resolved without a hearing. See Local Rule 78-1.

**I.     BACKGROUND**

Plaintiff seeks an order from the Court striking Defendant's affirmative defenses 14, 17-20, 24-25, 27, 32-33, and 35-38. (ECF No. 47). Plaintiff argues that 14 of the 39 defenses are insufficient as a matter of law and seeks to strike them in order to streamline this case and avoid the unnecessary burden of discovery on those defenses. Defendant contends that Plaintiff has not met the standard to strike the affirmative defenses at issue. (ECF No. 48). However, Defendant agrees to remove three parts from its affirmative defenses: (1) remove the statute of limitations

from its 18th defense that includes statute of limitations and laches, (2) remove the 24th defense of failure to name a necessary party, (3) remove reservation of rights language in the 17th and 35th defenses and the entirety of the 36-38th defenses. Plaintiff replies that it accepts the concessions from Defendant, but still maintains that 10 of the asserted defenses are insufficient as a matter of law and it would be prejudiced by having to do discovery on them. (ECF No. 49).

Plaintiff also seeks to compel responses to its first set of requests for production of documents along with sanctions consisting of fees and costs for bringing the motion as Defendant never timely responded and therefore, waived any objections. (ECF No. 51). Plaintiff served the RFPs on August 14, 2019 and granted an extension of time for Defendant to respond until September 27, 2019, but no response was received. On November 7, 2019, the parties met and conferred on Defendant's failure to respond and an agreement was reached that Defendant would produce non-privileged documents by November 29, 2019. The parties also agreed that Defendant would produce five proposed custodians for search terms that Plaintiff would provide. They disagreed on Defendant placing a cap of 30,000 pages to be produced, on Plaintiff's search terms, that Defendant could delay production to review the documents for relevance and privilege, and that Defendant would only permit inspection rather than production of the documents.

Defendant contends it responded to Plaintiff's overly broad forty-five requests for production on November 27, 2019 and interrogatories that contain subparts over seventy, which exceed the 25 interrogatories limit, on November 18, 2019, along with requests for admissions on November 15, 2019. (ECF No. 52). In doing so, Defendant claims it produced 37,080 pages of documents as of November 26, 2019 after substantial meet and confer attempts on the scope of the documents to be produced. Further, Defendant claims it advised Plaintiff that it would cost $35,197.30 to produce the nearly 300,000 files of documents and requested Plaintiff narrow its request from all communications to a proportional request or agree to inspection of the documents as a cost-saving measure. Upon receiving Plaintiff's requested search terms and five individuals to search, Defendant noted it would take about 95 hours to generate the hit reports and expected the search to generate over 900,000 pages of documents, which did not reduce the cost or search

from the prior one. As a result, contrary to Plaintiff's contention that Defendant never responded and waived objections, Defendant claims it has been diligently working on responding and engaging in meet and confer efforts, which led to nearly 250 hours of time and $4,732.30 in costs to produce documents. Defendant further argues that it is entitled to a protective order given that Plaintiff's request to compel over 19 years of emails at an additional cost of $47,415-$57,770, waive attorney-client privilege, and pay sanctions is unwarranted. (ECF No. 54).

Plaintiff replies that it does not consider Defendant's responses to be timely, the documents requested are essential to building its case, and waiver of objections should be found. (ECF No. 55). In fact, Plaintiff disputes Defendant's contentions regarding the number of pages of emails that would need to be produced to fully respond to its RFPs. It also responds to Defendant's request for a protective order by noting that Defendant failed to meet and confer prior to filing its countermotion and arguing that its requests are proportional to the needs of the case. (ECF No. 56).

Defendant replies that it met and conferred over the issues in the protective order as they are the same issues involved in Plaintiff's motion to compel. (ECF No. 58). It reiterates its position that the emails sought by Plaintiff are not proportional to the needs of this case and that Plaintiff could obtain the documents from third parties.

**II. DISCUSSION**

    **a. Motion to Strike**

Federal Rule of Civil Procedure 8(b)(1)(B) states that "[i]n responding to a pleading, a party must: admit or deny the allegations asserted against it by an opposing party." "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). An averment in a pleading that this not properly denied is deemed to be admitted. Fed. R. Civ. P. 8(b)(6).

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficiently pleaded if it fails to give the plaintiff fair notice of the nature

of the defense. *See Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). The Ninth Circuit has continued to recognize the fair notice standard of affirmative defense pleading even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and this Court declines to extend the plausibility pleading requirements of *Twombly* to affirmative defenses in contravention of persuasive authority in this District. *See e.g., MetroPCS v. A2Z Connection, LLC*, 2019 WL 1244690, at *4 (D. Nev. Mar. 18, 2019).

As for the affirmative defenses that Plaintiff objects to, the Court will rule as follows:

- 14: Plaintiff argues that this defense claiming that the court lacks jurisdiction to hear Plaintiff's claims is legally insufficient as there are no facts under which it may be viable. This defense is normally accompanied by a motion to dismiss, but it also puts Plaintiff on notice that Defendant believes the facts alleged do not sufficiently allege federal jurisdiction and the Court declines to strike it at this time.

- 17: Plaintiff contends that this defense that its claims are barred by the doctrines of waiver, ratification, estoppel, unclean hands and other equitable defenses does not give it fair notice. The parties agree that the other equitable defenses language in this defense may be stricken and the Court will order it so, but the remainder of this defense may survive to proceed through discovery as it involves questions of fact that the Court does not find requires Plaintiff to conduct unnecessary and irrelevant discovery.

- 18: Plaintiff argues that this defense that its claims are barred by the statute of limitations or doctrine of laches is insufficient as it fails to allege the applicable limitations period and there was no delay. The parties agree that the statute of limitations part of this defense may be stricken and the Court will order it so, but the remainder of this defense may survive to proceed through discovery as it involves questions of fact that the Court does not find requires Plaintiff to conduct unnecessary and irrelevant discovery.

- 19: Plaintiff contends that this defense that its claims are impossible does not give it fair notice. The Court does not find a basis for striking this impossibility defense as it gives Plaintiff fair notice of the defense and the Court does not see a prejudice to Plaintiff by not striking it.
- 20: Plaintiff argues that this defense that its claims have been waived does not give it fair notice. The Court does not find a basis for striking this waiver defense as it gives Plaintiff fair notice of the defense and the Court does not see a prejudice to Plaintiff by not striking it.
- 24: The parties agree this defense may be stricken and the Court will order it so.
- 25: Plaintiff contends that this defense that it has failed to comply with a condition precedent does not meet the higher pleading standard set forth in Fed.R.Civ.P. 9. This defense appears to be an attempt to demonstrate that Plaintiff cannot meet its burden to prove all the elements of their claims, which means it is not an affirmative defense. The Court fails to see the utility in striking a negative defense at this point without proof it is legally insufficient as that approach would not fulfill the purpose of a Rule 12(f), but rather, merely polish the pleadings.
- 27: Plaintiff argues that this defense that its claims were not timely protected or enforced does not give it fair notice and is insufficient as the complaint was filed before Defendant finalized the grants. This defense may survive to proceed through discovery as it involves questions of fact that the Court does not find requires Plaintiff to conduct unnecessary and irrelevant discovery.
- 32: Plaintiff contends that this defense that its claims are barred by res judicata and/or collateral estoppel does not give it fair notice and is implausible. This defense may survive to proceed through discovery as it involves questions of fact that the Court does not find requires Plaintiff to conduct unnecessary and irrelevant discovery.
- 33: Plaintiff argues that this defense that its claims are estopped based on equitable principles of jurisprudence does not give it fair notice. This defense may survive

to proceed through discovery as it involves questions of fact that the Court does not find requires Plaintiff to conduct unnecessary and irrelevant discovery.

- 35: The parties agree that the all affirmative defenses language in this defense may be stricken and the Court will order it so along with the entirety of this defense as Defendant may seek leave to amend as appropriate under Fed.R.Civ.P. 15 or 16 and so this defense is improper and unnecessary.
- 36-38: The parties agree that these reservation of rights defenses may be stricken and the Court will order all three defenses stricken in their entirety.

Therefore, Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer (ECF No. 47) is granted in part and denied in part as outlined above.

### b. Motion to Compel/Countermotion for Protective Order

Rule 34 requires a party upon whom document requests are served to respond in writing within 30 days after being served with the requests. The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, * 1 (D. Nev. 2012) (same).

Here, the Court finds that Defendant actively engaged in meet and confer efforts with Plaintiff, kept Plaintiff apprised of the status of the production of documents, and has produced documents responsive to the RFP by November 27, 2019 consisting of over 37,000 pages. As such, the Court declines to find Defendant's responses are untimely or that it waived its right to assert objections – particularly the attorney-client privilege objection given Defendant's provision of a privilege log and notice to Plaintiff regarding privileged material.

Indeed, waiver of all objections, and especially the attorney-client privilege objection, would not further litigation of this matter on the merits. Although the Court understands Plaintiff's position that Defendant's responses were not timely, it is not persuaded by that staunch stance in light of the circumstances of this case. Although Plaintiff makes much of Defendant's extenuated time in producing documents, it ignores all of the efforts that Defendant underwent during that time to respond to Plaintiff's written discovery and determine how to produce the

documents requested. The Court seeks to encourage parties to meet and confer on such discovery issues and is not inclined to give Plaintiff an advantage in this type of situation by waiving all objections of a party who has demonstrated diligence in responding to written discovery. Moreover, the Court notes that the parties have engaged in extensive meet and confer efforts and encourages them to continue those discussions to the extent that they can reach an agreement that is proportional to the needs of this case to produce additional documents or utilize this time to finalize settlement.

Further, Fed.R.Civ.P. 26(b)(1) provides for broad and liberal discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id.* However, a court may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (*citing San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)). The Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

Here, the Court examined whether the information sought by all of Plaintiff's RFPs was relevant to a party's claim or defense and proportional to the needs of the case. It finds that Plaintiff has carried its burden of demonstrating relevance. For the proportionality analysis, the

Court considered the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(1); *see also Caballero v. Bodega Latina Corp.*, 2017 WL 3174931 at *2 (D. Nev. July 25, 2017).

Ultimately, Plaintiff's request to compel must be denied and Defendant's request for a protective order must be granted given the specific information of undue burden and expense that Defendant has provided. Defendant repeatedly sought to reach an agreement with Plaintiff regarding the scope of the production to make it proportional to the needs to the case given the time and expense involved in responding to Plaintiff's RFPs. The Court carefully analyzed Plaintiff's RFPs and considered Defendant's representation that it would cost about $47,415-$57,770 to produce all of the emails generated by Plaintiff's search terms. Defendant proposed that Plaintiff inspect the emails to avoid the cost, pay for the costs of production, or limit the search terms. Plaintiff has refused and the Court does not find it to be proportional to the needs of the case for Defendant to be compelled to comply with Plaintiff's overly broad request. Therefore, the Court will deny Plaintiff's request to compel and for fees and grant Defendant's request for a protective order.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Certain Defenses in Defendant's Answer (ECF No. 47) is **granted in part and denied in part**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (ECF No. 51) is **denied**.

IT IS FURTHER ORDERED that Defendant's Countermotion for Protective Order (ECF No. 54) is **granted**.

DATED: April 10, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE